UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKO RAMIREZ, | Case No. 1:23-CV-00737-HBK |
| Plaintiff, | ORDER TO ASSIGN TO DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A FEDERAL CLAIM |
| KGET CHANNEL 17 NEWS, | |
| Defendant. | (Doc. No. 8) |

Plaintiff Niko Ramirez, a state prisoner, initiated this action by filing a civil rights complaint against defendant, KGET Channel 17 News. (Doc. No. 8, "Complaint"). The undersigned has screened the Complaint pursuant to 28 U.S.C. § 1915A, and for the reasons set forth herein, recommends that the district court dismiss the Complaint without leave to amend because the Complaint fails to state a federal claim and any amendment would be futile.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial

2

decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Further, the Court need not provide an opportunity to amend where any amendment would be futile, or the deficiencies cannot be cured.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## SUMMARY OF ALLEGATIONS IN COMPLAINT

The Complaint, filed on the standard prisoner complaint form, identifies "KGET Channel 17 News", a "News[c]ast company at 2120 L Street, Bakersfield, California" as the sole Defendant. (Doc. No. 8 at 1, 2). The Complaint alleges violations of the Eighth Amendment, defamation, and civil harassment.  (*Id*. at 3).  The Complaint sets forth the following alleged facts, which are presumed true at this stage for purposes of §1915A screening.  On December 20, 2018, Channel 17 News aired an untrue story that negatively impacted Plaintiff's life and endangered both his and his family's life.  (*Id.* at 3).  Specifically, the news station reported Plaintiff was a sex offender and involved in a gang.  (*Id*.).  Because of the news report, members of the community threatened Plaintiff and his family.  (*Id*.).  People would "driv[e] by [Plaintiff's] house and threate[n] [his] family [while] looking to harm [him]."  (*Id*.).  Plaintiff turned himself in to authorities "clear all this up because of all the damage it had done to [him]."  (*Id*.).  In jail, people have threatened Plaintiff that he would "be de[a]lt with if he was indeed a sex offender."  (*Id*.).  Plaintiff states "[t]his made my life a living hell."  (*Id*.).

As relief, Plaintiff seeks $1.2 million in damages as well as injunctive relief "for the Newscast Company to be held responsible for falsely airing a story that wasn't true and for endangering [his] life and [his] family[']s life as well."  (*Id.* at 6).

## ANALYSIS

Plaintiff invokes this Court's federal question jurisdiction under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. (Doc. No. 8 at 1).  To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under the color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  The Constitution protects individual rights only from government action and not from private action.  As a rule, private

parties are deemed to actors under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 702-08 (9th Cir. 1991).

Two elements must exist for the conduct of a private person to constitute state action: a state policy and a state actor. The state policy element can be satisfied if there is the exercise of state-created rights, privilege, or rule of conduct. The state actor element may be established where there is conduct on the part of a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state. *Lugar v. Edmondson Oil Co*., 457 U.S. 922, 937 (1982).

The Complaint is devoid of any facts that Defendant performed a state function or is a state actor acting under the color of state law. Nor can the Court conceive of any facts that can be pled that can convert Defendant into a state actor for the claims stated in the Complaint. Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they are either "generally known within the trial court's territorial jurisdiction," or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own or at the request of any party. *Id.* 201(c). According to its website, "KGET TV 17 is the NBC affiliate in the Bakersfield and Kern County region."[1] The Supreme Court has determined that, even networks who operates public access channels on a cable system and are licensed by the government, the entity does not perform a public or government function to be deemed a public actor. *Manhattan Community Access Corporation v. Halleck*, 139 U.S. 1921, ___ U.S. ___, (2019). Thus, Defendant KGET Channel 17 News is not a government entity but remains a private entity. Because the Defendant is not a state actor, no section 1983 claim is stated.

Additionally, the Prison Litigation Reform Act (PLRA) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). This "requires a prior showing of physical injury that need not be

---

[1] https://www.kget.com.

1  significant but must be more than de minimus." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir.
2  2002).

3      Plaintiff claims he suffers from "PTSD and fear[s] for [his] life and [his] family[']s life
4  [which has] caused [him] stress and fear for [his] safety because of the actions of Defendant
5  KGET Channel 17 News. (Doc. No. 8 at 3). Put differently, Plaintiff seeks damages for mental or
6  emotional injury that he claims he is suffering from while in custody. Plaintiff does not allege a
7  prior physical injury of any kind. In fact, the Complaint makes clear that Plaintiff has not
8  suffered any physical injury, but rather "[he] had people in jail telling [him] that [he] would "be
9  de[a]lt with" meaning [he] would be physically assa[u]lted if [he] was indeed a sex offender."
10 (*Id.*). Consequently, the PLRA bars Plaintiff's monetary claim for mental or emotional injury.
11 As pled, the Complaint fails to state a cognizable federal claim under 42 U.S.C. § 1983. Instead,
12 liberally construed, the Complaint alleges a state law claim of defamation and state law claim for
13 intentional infliction of emotional distress. *See* California Civil Code §§ 44, 46 (defining
14 defamation claim); *Le v. Sandor*, 2015 U.S. Dist. LEXIS 17542 (E.D. Cal. Feb. 12, 2015)
15 (explaining a claim for intentional infliction of emotional distress arises under state law).

16     Because no federal claims exist in the action, the Court should not exercise jurisdiction
17 over these supplemental state law claims. 28 U.S.C. § 1367(c)(3); *Les Shockley Racing, Inc. v.*
18 *National Hot Rod Asso.*, 884 F.2d 504, 509 (9th Cir.1989); *see also Harr v. Channel 17 News*,
19 2016 U.S. Dist. LEXIS 21386 (E.D. Cal Feb. 19, 2016) (dismissing a state tort claim for
20 intentional infliction of emotional distress against Defendant Channel 17 News for lack of subject
21 matter jurisdiction).

22     Accordingly, it is **RECOMMENDED**:
23     The Complaint (Doc. No. 8) be dismissed for failure to state a federal claim.

24 NOTICE TO PARTIES

25     These findings and recommendations will be submitted to the United States district judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14)**
27 **days** after being served with these findings and recommendations, a party may file written
28 objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 7, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE